IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID ROBERT BENTZ,**

      **Plaintiff,**

vs.                                                   Case No. 18–cv–0016–DRH

**DONALD LINDENBERG,**

      **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff David Robert Bentz, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an

1

objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Complaint**

Plaintiff originally brought suit on July 27, 2016 in Case No. 16-cv-854-NJR (16-854). That case was dismissed for failure to comply with the Court's orders and for attempting to commit fraud on the Court on September 22, 2016. (16-854, Doc. 8). The Seventh Circuit reversed on appeal, and case no. 16-854 was reopened on January 4, 2018, at which time the claims present in this lawsuit were severed into this action. (16-854, Doc. 36). Specifically, Judge Rosenstengel designated Counts 13 and 14 for this action. (Doc. 1) which was designated as 18-16 by the clerk's office as its unique file number.

Plaintiff alleges the following relevant facts: on August 29, 2014, Plaintiff had a call pass to see Dr. Trost. (Doc. 2, p. 15). While waiting, Plaintiff was

assaulted by Defendant Lindenberg and Virgil Smith in the hall outside of Dr. Trost's waiting room. *Id*. Plaintiff has filed a prior separate lawsuit regarding these allegations that is currently pending before this Court: 15-cv-121-NJR-DGW (15-121). *Id*. There are no further details about Plaintiff's interaction with Defendant Lindenberg in this action.

Case No. 15-121 remains pending. Count 2 of that action specifically alleges that "Defendant[] Lindenberg . . . used excessive force against Plaintiff on August 29, 2014 . . . in violation of the Eighth Amendment." (15-121, Doc. 8, p. 5). There is also a claim for the same conduct proceeding under Illinois state law. (15-121, Doc. 8, p. 6).

The severance order that opened the underlying case designated 2 claims for <u>this</u> action:

> **Count 13** – Eighth Amendment excessive force claim against Lindenberg for assaulting Plaintiff on August 29, 2014 ("Count 2," Case No. 15-121);
>
> **Count 14** – Illinois assault and/or battery claim against Lindenberg for his conduct on August 29, 2014 (Count 5, Case No. 15-121).

### **Pending Motions**

Since this action was opened, Plaintiff has filed multiple joint motions across many of his cases. On January 31, 2018, Plaintiff filed a "Joint Motion to Stay All Above Actions Pending Ruling(s)." (Doc. 6). As relevant to this case, Plaintiff states "[t]he district court alleged/stated claims and actions (i.e. Bentz (v) Lindenberg #18-cv-16) that Plaintiff did not state or allege do [sic] to pending

3

litigation in Bentz (v) Lindberg, #15-cv-121." (Doc. 6, p. 1). The Motion requests that the Court stay all proceedings, presumably so that Plaintiff can challenge the original severance order. *Id*.

Also on January 31, 2018, Plaintiff filed a "Joint Motion Under Rule 59(e)," seeking reconsideration of Doc. 36 in Case No. 16-854. (Doc. 7, p. 1). Plaintiff states that "this plaintiff never alleged any counts #13 and #14 of excessive force, or assault and battery against defendants Lindenberg or Smith . . . Plaintiff simply gave a statement as to why Plaintiff was not seen by a doctor for Plaintiff's neck injury of May 11, 2014 . . . Plaintiff did not allege Counts 13-14 . . . and [the Court] never should have opened a new action." (Doc. 7, p. 2).

Plaintiff filed a third motion on January 31, 2018, requesting a stay of all proceedings until the Court ruled on his Rule 59 motion, which was filed across multiple cases. (Doc. 8, p. 1). As relevant to this matter, Plaintiff states: " I did not authorize and/or state above alleged (or make) claims and/or action of Bentz (v) Lindenberg, #18-16, as I already have an action regarding this issue, see Bentz v. Lindenberg, 15-cv-121." *Id*.

Two weeks later on February 14, 2018, Plaintiff filed a copy of his Motion under Rule 59 in all of his cases, with the note: "rescan can not read." (Doc. 9). The Motion appears to be a copy of Doc. 7.

Also on February 14, 2018, Plaintiff filed a motion "of notice and for documents and order, and extensions." (Doc. 10). The Motion generally alleges that Plaintiff is receiving notices of electronic filing, but not the documents that

4

should be attached to them. (Doc. 10, p. 1). Although Plaintiff included "18-cv-16' in the case caption, along with 5 other case numbers, none of his specific examples reference this case (and indeed, the Court has not issued any written orders in this case since it was opened). Plaintiff also requests a 30 day extension of all deadlines[1] and an order enjoining Patricia Stewart, an employee of Menard, who is not a defendant here. (Doc. 10, p. 3).

On March 1, 2018, Plaintiff filed a Motion with 14 case numbers listed in the caption, including this one. (Doc. 11). In it, Plaintiff repeats his allegations against Patricia Stewart, and also complains about mailroom staff, this district court's administrative order regarding the e-filing program, and C/O Thomas Lafone's legal excess storage policies. (Doc. 11, pp. 2-5). Plaintiff suggests that Warden Lashbrook can be added to all of his suits for purposes of carrying out injunctive relief. (Doc. 11, pp. 6-7).

On March 21, 2018, Plaintiff filed a "Joint Notice to Court and Motion for Docket Sheet and Other." (Doc. 12). Once again, the caption lists 14 case numbers, meaning that Plaintiff filed the same motion in all of his cases. (Doc. 12). And again, Plaintiff alleges within that he is not getting the Court's electronic filings, and requests copies of the docket sheet in each and every one of his cases. (Doc. 12).

## Discussion

---

[1] Plaintiff has no deadlines in this case at present.

5

It is clear that this case must be dismissed without prejudice as duplicative of Plaintiff's earlier suit; Plaintiff himself makes this point repeatedly. Federal courts may dismiss a suit "for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in . . . federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). The determination is discretionary, and district courts are given latitude to exercise that discretion, but generally, a suit will be considered duplicative if the claims, parties, and relief requested do not significantly vary between the actions. *McReynolds v. Merrill Lynch Co. Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012).

Here, Lindenberg, the sole defendant, is also a defendant in Case No. 15-121. The claims in that suit are identical to the claims in this suit. Moreover, Plaintiff has repeatedly stated that the claims in this action are the same as the claims in the other action, even going so far as to reference 15-121 in his Complaint. Plaintiff has affirmatively stated that this case should not have been severed precisely because it is duplicative of case 15-121. As it is clear that the actions are identical, this suit shall be dismissed without prejudice as duplicative of 15-121.

Plaintiff has also repeatedly stated that the severance that opened this case was improper and that this case should have never been opened. The order severing the action was entered in case No. 16-cv-854. Thus, 16-cv-854 is the proper action in which to raise this issue, and it appears that Plaintiff has a

pending motion to reconsider in that case. Filing motions across multiple cases wastes judicial resources and creates a risk of inconsistent opinions at the district court level. For those reasons, the Court **DENIES** Plaintiff's motions to reconsider that were filed in this action as improperly filed in the wrong suit. (Doc. 7) (Doc. 9). As this case is duplicative of a currently progressing suit and would be dismissed in any event, there is no reason to stay it pending the outcome of Plaintiff's motion to reconsider. Therefore, Plaintiff's requests to stay this action are also **DENIED**. (Doc. 6). (Doc. 8).

The Court will also deny Plaintiff's motions regarding document policies and procedures at Menard because those allegations exceed the scope of this suit and there is no allegation that Plaintiff has not gotten filings and orders in this action. The only defendant in this case is Lindenberg; Plaintiff has not alleged in any of his motions that Lindenberg is denying him access to the courts. Instead he refers to multiple individuals who are not defendants in this suit, making his requests for relief beyond the scope of this litigation. Plaintiff has alleged that the Court can add Lashbrook to this case for the purpose of injunctive relief, but that would not be appropriate. Plaintiff's claims regarding his access to the courts are not transactionally related to his excessive force and Illinois state law battery claims against Lindenberg, meaning that joinder of any claims against Lashbrook would violate Fed. R. Civ. P. 18. Additionally, the Court does not accept piecemeal amendments, and Plaintiff has not submitted a proper amended complaint. *See* SDLR. 15.1. Finally, Plaintiff has not alleged that he is missing

documents and notices of electronic filing from this case specifically, making it improper for Plaintiff to seek relief here.  For all of the above reasons, the Court **DENIES** Plaintiff's motions seeking relief based on Menard's litigation practices. (Doc. 10) (Doc. 11) (Doc. 12).

It is necessary to address Plaintiff's motion practice generally.  As stated above, the Court finds that it unduly consumes judicial resources to file identical motions across multiple cases.  *See In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with [a court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end."); *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004).  Plaintiff has filed 7 motions in this case; all of them have more than 1 case number listed in the caption, requiring multiple judges to consider the identical request for relief.  Of course, abusive and repetitive litigation is grounds for sanctions.  *See Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

Plaintiff's motion practice is particular egregious in this case, where he has repeatedly stated that the case never should have been opened, even going so far as to argue in one of his motions to reconsider that the Court lacked jurisdiction to sever 16-cv-854.  It is inconsistent for Plaintiff to request the Court to act in a case that he alleges was improperly opened.  If the Court lacks jurisdiction to hear

8

the case (which it does not), why would it suddenly have jurisdiction to consider Plaintiff's seven other requests for relief? This raises an inference that Plaintiff's motions were filed for an improper purpose, and not to effect the relief he ostensibly seeks.

### Disposition

**IT IS HEREBY ORDERED** that this case is **DIMISSED without prejudice** as duplicative of Case No. 15-121. Plaintiff's Motions are likewise **DENIED**. (Doc. 6)(Doc. 7)(Doc. 8)(Doc. 9)(Doc. 10)(Doc. 11)(Doc. 12). The dismissal shall not count as one of Plaintiff's strikes for the purposes of 28 U.S.C. § 1915(g). The Clerk of Court is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.27
06:50:50 -05'00'

United States District Judge

9